**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4631-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMIE CENTENO,

      Defendant-Appellant.

_____

Submitted September 5, 2018 – Decided September 13, 2018

Before Judges Alvarez and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 09-06-2092.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Jamie Centeno appeals from an April 27, 2017 Law Division order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons stated by Judge Gwendolyn Blue, we affirm.

Defendant unsuccessfully appealed his conviction for first-degree murder, N.J.S.A. 2C:11-3(a)(1)-(2), and related offenses. State v. Centeno, No. A-1523-10 (App. Div. May 2, 2012) (slip op). Defendant was sentenced to life on the murder charge, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(a). The Supreme Court denied certification on defendant's further appeal of his conviction and sentence. State v. Centeno, 212 N.J. 456 (2012). Thereafter, on October 1, 2015, we denied defendant's first PCR petition, also by way of unpublished decision. State v. Centeno, No. A-1989-13 (App. Div. Oct. 1, 2015) (slip op. at 1). The Supreme Court denied certification on defendant's appeal. State v. Centeno, 224 N.J. 527 (2016). Now on appeal, defendant raises the following points in his counseled brief:

> POINT I – DEFENDANT'S CLAIMS WERE NOT PROCEDURALLY BARRED FROM BEING RAISED IN HIS SECOND PETITION FOR POST CONVICTION RELIEF.
>
> A. DEFENDANT'S CLAIMS WERE NOT BARRED BY R. 3:22-5.

B.   DEFENDANT'S CLAIMS WERE NOT BARRED BY R. 3:22-12(a)(2).

POINT II – DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS SECOND PCR PETITION AND CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE FACTS LAY OUTSIDE THE RECORD AND DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVENESS OF FIRST PCR COUNSEL.

A. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF PCR COUNSEL DUE TO FIRST PCR COUNSEL'S FAILURE TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT EXPLAINING TO DEFENDANT HIS RIGHT TO TESTIFY AT TRIAL.

B. INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL FOR FAILING TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL'S FAILURE TO REQUEST CURATIVE INSTRUCTION DUE TO PROSECUTOR'S PREJUDICIAL COMMENTS DURING CLOSING ARGUMENT.

C. FIRST PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO PROVIDE MORE THAN BARE ALLEGATIONS TO SUPPORT DEFENDANT'S ARGUMENT THAT TRIAL COUNSEL FAILED TO CONDUCT PRETRIAL INVESTIGATION AND PREPARATION.

POINT III – POST-CONVICTION RELIEF IS REQUIRED BECAUSE OF THE CUMULATIVE

EFFECT OF THE ERRORS AND THE INEFFECTIVENESS SET FORTH ABOVE.

In his pro se brief, defendant raises the following points:

POINT I: DEFENDANT HAS SUBMITTED PRIMA FACIE EVIDENCE REQUIRING HE BE GRANTED AN EVIDENTIARY HEARING ON POST CONVICTION RELIEF.

POINT II: THE POST-CONVICTION RELIEF JUDGE ERRED BY FAILING TO GRANT APPELLANT AN EVIDENT[IA]RY HEARING ON THE ISSUE OF INEFFECTIVE ASSISTANCE OF TRIAL, APPELLATE AND PCR COUNSEL.

A. Appellant was Denied Effective Assistance of PCR Counsel Due to First PCR Counsel's Failure to Raise Ineffective Assistance of Trial Counsel for Not Explaining to Defendant His Right to Testify at Trial.

B. Ineffective Assistance of First PCR Counsel for Failing to Raise Ineffective Assistance of Trial Counsel's Failure to Request Curative Instruction Due to Prosecutor's Prejudicial Comments during Closing Argument.

C. First PCR Counsel was Ineffective for Failing to Provide More Th[a]n Bare Allegations to Support Defendant's Argument that Trial Counsel Failed to Investigate Alibi Witnesses and Failed to Properly Prepare to Cross-Examine the State's Key Witness, Rose Nelson.

Rule 3:22-12(a)(2) states that second or subsequent petitions for PCR asserting ineffective assistance of counsel must be filed within a year of the

denial of the first or subsequent application for PCR. In this case, the first PCR petition was decided on October 3, 2013. The second pro se petition was filed August 17, 2016, considerably more than a year after the first was denied. Presumably to avoid the impact of the rule, defendant now claims that the ineffective assistance of counsel occurred on the part of first PCR counsel. The argument does not nullify the limits found in Rule 3:22-12(a)(2), which "cannot be relaxed by invoking Rule 1:1-2 or Rule 3:22-12(a)(1) . . ." State v. Jackson, 454 N.J. Super. 284 (App. Div. 2018). In this case, counsel did not even attempt to explain the reason for the delay.

Furthermore, the issues defendant raises had been previously addressed by the PCR court with the exception of a purported alibi witness. As Judge Blue observed, on the direct appeal defendant contended the court's failure to sua sponte instruct the jury as to passion/provocation was reversible error. This instruction and the claim of error regarding the instruction would logically be premised on defendant's presence at the scene. This undercuts any credibility on the part of a purported alibi witness.

Defendant again raises the issue of his trial attorney's failure to object to alleged prosecutorial misconduct and asserts PCR counsel was ineffective for failing to raise it. The issue could have been adjudicated on the direct appeal. See R. 3:22-5.

In this second PCR petition, defendant reargues the ineffectiveness of his trial counsel and makes points that are out of time, under the guise of placing them at the feet of first PCR counsel. Defendant does not explain the reason the identity of his purported alibi witness would not have been previously known to him.

Therefore, Judge Blue's denial was appropriate not only because of the untimeliness of the second PCR petition, but its lack of substantive merit. Defendant's contentions of error are so lacking in merit as to not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's pro se submission is also lacking in merit. The points are attempts to raise issues out of time by claiming they should have been addressed by the first PCR counsel, and to at least some extent, mirror those raised in the counseled brief. No further discussion is necessary. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4631-16T1